**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re** | § | Case No. 20-44903-169 |
| | § | |
| **Jerry Sugg and** | § | Chapter 7 |
| **Barbara Sugg,** | § | |
| | § | |
| Debtors. | § | Re: Docs. No. 17, 21, 22 |
| | § | |
| | § | **FOR PUBLICATION** |

**ORDER GRANTING MOTION TO WAIVE PRE-PETITION CREDIT COUNSELING PURSUANT TO 11 U.S.C. § 109(h)(4) AND MOTION TO WAIVE POST-PETITION PERSONAL FINANCIAL MANAGEMENT COURSE PURSUANT TO 11 U.S.C. § 109(h)(4) AND L.R. 4004-2 (D) AND DISPOSING OF ORDER TO SHOW CAUSE**

**I.     BACKGROUND**

On October 19, 2020 ("Petition Date"), Jerry Sugg ("Mr. Sugg") and Barbara Sugg ("Mrs. Sugg", together with Mr. Sugg, the "Debtors") filed a petition for bankruptcy relief (the "Petition") [Doc. No. 1][1] docketed as case number 20-44903-169 (the "Case") by and through their counsel in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division. Doc. No. 1. The Case purported to be filed under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1550 (the "Bankruptcy Code"). Id. at 1, 3.

The Petition purported to have been executed by Mr. Sugg on October 16, 2020. Id. at 6.[2]

---

[1] References to "Doc. No. ___" in this Order are to filed documents located and numbered on this Court's docket. References to "D.E. ___" in this Order are to text entries located and dated on this Court's docket.

[2] Electronic filing became mandatory for attorney-filed papers in this Court on November 1, 2003. See Procedures Manual Accompanying Local Rules of Bankruptcy Procedure at 18 (Jan. 4, 2021), https://www.moeb.uscourts.gov/sites/moeb/files/Procedures%20Manual%202021.pdf (last accessed Sept. 27, 2021). Under this Court's Local Rules, counsel's filing of a document that another person must sign comprises the counsel's representation that signatory actually signed the document, L.R. 9011(A), and counsel attorney must retain the original signed document for no fewer than two years after case closing absent court order otherwise. L.R. 9011(C).

1

The Petition also stated that Mr. Sugg "received a briefing from an approved credit counseling agency within 180 days before [he] filed this bankruptcy petition, and [he] received a certificate of completion." Id. at 5.

On the Petition Date, each of the Debtors filed a Certificate of Credit Counseling from Abacus Credit Counseling through counsel. Docs. No. 3, 4. Mr. Sugg's Certificate of Credit Counseling stated

> [O]n October 15, 2020, at 5:56 o'clock PM PDT, Jerry Sugg received from Abacus Credit Counseling, an agency approved pursuant to 11 U.S.C. 111 to provide credit counseling in the Eastern District of Missouri, an individual [or group] briefing that complied with the provisions of 11 U.S.C. 109(h) and 111.
>
> . . .
>
> This counseling session was conducted by internet.

Doc. No. 3 at 1. Mrs. Sugg's separate Certificate of Credit Counseling contained identical language conveying that she also completed credit counseling on October 15, 2020 with Abacus Credit Counseling. Doc. No. 4.

On January 6, 2021, almost two months after the Petition Date, the Debtors filed their Amended Voluntary Petition (the "Amended Petition") through counsel. Doc. No. 16. The Amended Petition did not purport to have been signed by Mr. Sugg on October 16, 2020. Id. at 6. Instead, the Amended Petition's signature line for Mr. Sugg indicated signature by "Barbara Sugg as attorney-in-fact for Jerry Sugg" on October 19, 2020. Id. In addition, the Amended Petition asserted that Mr. Sugg was not required to receive a credit counseling briefing prior to any bankruptcy filing due to incapacity "that makes me incapable of realizing or making rational decisions about finances." Id. at 5.

A document titled "Power of Attorney for Property of Jerry D. Sugg" purporting to bear Mr. Sugg's signature comprised an exhibit to the Amended Petition (the "Power of Attorney").

2

Doc. No. 16-1 at 1-26.  The Power of Attorney consists of twenty-six numbered pages and contains an introductory section, ten articles and an execution page.  Id.

A Memorandum Regarding Amended Petition accompanied the Amended Petition.  Doc. No. 16 at 8.  That Memorandum represented that the Debtors filed the Amended Petition "to correct the signature line of the Petition that was signed by Barbara Sugg as Attorney-in-fact for Jerry Sugg on the original petition but was not electronically changed on the undersigned counsel's software program."  Id.  The Memorandum also stated that Mr. Sugg "has been incapacitated since before the original filing of the case."  Id.

On January 6, 2021, the Debtors also filed their Motion to Waive Pre-Petition Credit Counseling Pursuant to 11 U.S.C. § 109(h)(4) (the "Motion to Waive Credit Counseling") through counsel.  Doc. No. 17.  The Motion to Waive Credit Counseling sought to have this Court waive the pre-petition credit counseling requirement for individual Chapter 7 debtors imposed by 11 U.S.C. § 109(h)(4) for Mr. Sugg because of alleged incapacity that rendered him "incapable of realizing and making rational decisions with respect to his financial responsibilities" since before the Petition Date.  Id. at 1, ¶¶ 1-3, Plea.  The Motion to Waive Credit Counseling noted that Mrs. Sugg served as Mr. Sugg's attorney in fact and had been "making all of the Debtor's financial decisions since early 2020."  Id. at 1, ¶ 2.

On February 17, 2021, the Debtors filed a Motion to Waive Post-Petition Personal Financial Management Course Pursuant to 11 U.S.C. § 109(h)(4) and L.R. 4004-2(D) (the "Motion to Waive Financial Management", together with the Motion to Waive Credit Counseling, the "Motions") through counsel.  Doc. No. 21.  The Motion to Waive Financial Management reasserted Mr. Sugg's incapacity and sought waiver of the requirement that Mr. Sugg attend the post-petition financial management course required by 11 U.S.C. § 727(a)(11) on those grounds

3

pursuant to 11 U.S.C. § 109(h)(4).  Id. at 1, ¶ 1, Plea.  The Motion to Waive Financial Management contained identical language to that in the Motion to Waive Credit Counseling regarding Mrs. Sugg's position and service as Mr. Sugg's attorney in fact "since early 2020."  Id. at 1, ¶ 4.

After reviewing the Amended Petition, the Power of Attorney, the Motion to Waive Credit Counseling and the Motion to Waive Financial Management, this Court determined that questions existed regarding whether the Power of Attorney comprised a valid durable power of attorney under Missouri law that sufficed to grant Mrs. Sugg authority to act as Mr. Sugg's agent in the Case notwithstanding his alleged incapacity.  As a result, on March 30, 2021, this Court entered its Order to Show Cause (the "Order to Show Cause") ordering Mrs. Sugg to appear before this Court on April 27, 2021

> to testify and show cause as to why the Power of Attorney comprises a valid durable power of attorney under Missouri law, why this Court should not dismiss the Case as to Mr. Sugg for failure to commence the matter accompanied by a request to waive the credit counseling requirement, why this Court should grant the Motion to Waive Credit Counseling for Mr. Sugg and why this Court should grant the Motion to Waive Financial Management.

Doc. No. 22 at 4.  This Court notified the Debtors and their counsel of the scheduled hearing on the Order to Show Cause.  Doc. No. 23 at 5-6.

On April 26, 2021, the Debtors filed their Debtors' Response to Order to Show Cause (the "Response").  Doc. No. 24.  The Response stated Mr. Sugg was diagnosed with "dementia of the Alzheimer's type in 2018."  Id. at 2, ¶ 4a.  The Response supported Mr. Sugg's diagnosis by attaching a letter to that effect from Dr. Zaheer Ahmed, a medical doctor at St. Luke's Medical Group in Chesterfield, Missouri, dated January 7, 2021.  Id. at 2, ¶ 4a; at 7 (comprising Exhibit Summary regarding correspondence).

The Response identified Mrs. Sugg as Mr. Sugg's "primary caretaker" and claimed Mr. Sugg appointed Mrs. Sugg to serve "as his agent under Debtor Jerry Sugg's January 16, 2020

4

Power Attorney [sic]." Id. at 2, ¶¶ 4a, 4b.  In addition, the Response asserted that Mrs. Sugg would appear at hearing on the Order to Show Cause to provide testimony supporting the argument that the Power of Attorney satisfied all requirements of Missouri law to create a durable power of attorney.  Id. at 2-4, ¶¶ 4d-h.  The Response concluded by averring that this Court should not dismiss the Case as to Mr. Sugg because the failure to file accurate documents on the Petition Date or seek a prompt waiver of the credit counseling requirement of 11 U.S.C. § 109(h)(4) comprised "the inadvertent mistake of Debtors' counsel."  Id. at 5, ¶ 7.

## II.  THE POWER OF ATTORNEY

Several items in the Power of Attorney bear note.  The Power of Attorney starts with a sentence stating "I, Jerry D. Sugg of 16 Brentmoore Lane, St. Peters, MO 63376, am creating a durable power of attorney intended to comply with Missouri law."  Doc. No. 16-1 at 1.  The Power of Attorney contains language making it effective upon execution, id. at 2, § 2.01, and addressing durability, stating

> **THIS IS A DURABLE POWER OF ATTORNEY AND THE AUTHORITY OF MY AGENT SHALL NOT TERMINATE IF I BECOME DISABLED OR INCAPACITATED OR IN THE EVENT OF LATER UNCERTAINTY AS TO WHETHER I AM DEAD OR ALIVE.**

Id. at 2, § 2.02.  The Power of Attorney specifically provides that its "validity and interpretation will be governed by Missouri law."  Id. at 24, § 7.13.

In addition, the Power of Attorney appoints Barbara Sugg as Mr. Sugg's Agent.  Id. at 1, § 1.01.  The Power of Attorney grants the Agent "the powers described in [the General Powers] Article [of the Power of Attorney] so that my agent may act on my behalf" and "everything necessary to exercise the powers listed below."  Id. at 2, § 3.  The Power of Attorney then details the powers granted to the Agent, including powers relating to bankruptcy as follows:

My Agent may act for me with respect to bankruptcy or insolvency, whether

5

voluntary or involuntary, concerning me or some other person, or with respect to a reorganization, receivership, or application for the appointment of a receiver or trustee that affects an interest I have in any property or other thing of value.

Specifically, and without limiting the preceding, my Agent may act for me with respect to filing for bankruptcy, and in support of such filing may—

    (i)    employ counsel to represent me;

    (ii)    select any exemptions available to me;

    (iii)    determine which debts to reaffirm;

    (iv)    make any decisions regarding repayment and reorganization plans;

    (v)    discuss my affairs with credit-counseling and debtor-education services;

    (vi)    discuss my affairs with and employ debt-restructuring services; and

    (vii)    take any other actions to further my interests.

Id. at 8, §3.11.

At its conclusion, the Power of Attorney purports to bear Mr. Sugg's original signature dated January 16, 2020. Id. at 26. The same page of the document with the signature includes an acknowledgment of that signature that states "This instrument was acknowledged before me on January 16, 2020, by Jerry D. Sugg.", followed by the seal and signature of Christina M. Hampel and Ms Hampel's printed name and the title "Notary Public". Id.

That page also contains a Declaration of Witnesses that reads:

The foregoing Power of Attorney for Property was, on the day and year written above, published and declared by Jerry D. Sugg, in our presence to be his Power of Attorney for Property. We, in his presence and at his request, and in the presence of each other, have attested to the same and have signed our names as attesting witnesses.

We declare that at the time of our attestation of this instrument, Jerry D. Sugg was, according to our best knowledge and belief, of sound mind and memory and under no undue duress or constraint.

Id. Signatures for witnesses Meagan M. Agne and Victoria L. Garland follow that text, along with

6

the witnesses' printed names and addresses, an acknowledgment that reads "This instrument was acknowledged before me on January 16, 2020, by Meagan M. Agne and Victoria L. Garland.", again followed by Ms Hampel's seal, signature, printed name and title as "Notary Public".  Id. Both acknowledgements indicate that they occurred in Madison County, Illinois.  Id.

### III.     The Show Cause Hearing

This Court called and heard the Order to Show Cause on April 27, 2021.  D.E. Apr. 27, 2021.  Mrs. Sugg and counsel for the Debtors appeared in person for that hearing.  At hearing, the Debtors' counsel presented argument regarding the Order to Show Cause, the Motion to Waive Credit Counseling and the Motion to Waive Financial Management.  Counsel stated that his office erred in filing the Petition without properly listing Mrs. Sugg as Mr. Sugg's attorney in fact or requesting waiver of the pre-petition credit counseling requirement for Mr. Sugg under section 109(h)(4) of the Code.  Counsel contended that the Amended Petition fully cured that error.

Counsel also contended that the Power of Attorney sufficed to authorize Mrs. Sugg to initiate Mr. Sugg's bankruptcy filing.  Counsel reiterated the Response's arguments that grounds existed for this Court to grant the Motions because sections 109(h)(4) and 727(a)(11) of the Bankruptcy Code excuse a debtor who cannot make rational decisions regarding financial matters from undergoing pre-petition credit counseling and post-petition financial management education and because Mr. Sugg lacked sufficient capacity to do so as of the Petition Date and as of the hearing date.  Counsel supported his arguments, in part, by presenting the Court the correspondence referenced in the Response regarding Mr. Sugg's diagnosis.

Mrs. Sugg proceeded to provide sworn testimony under oath.  Mrs. Sugg testified she personally witnessed Mr. Sugg signing the Power of Attorney in an attorney's conference room in Edwardsville, Illinois in the presence of four individuals, plus herself.  Mrs. Sugg identified the

7

individuals present at the time of the signing as attorney Todd Sivia, two witnesses and one other person who signed the power of attorney after Mr. Sugg signed it; however, Mrs. Sugg could not recall the names of the people who had been present at that time.  Mrs. Sugg also testified that both she and Mr. Sugg presented identification to the parties present before Mr. Sugg signed the Power of Attorney.

Mrs. Sugg testified that although Mr. Sugg experiences short-term memory loss due to his diagnosis, Mr. Sugg demonstrated competency at the time he signed the Power of Attorney.  To support her position on this point, Mrs. Sugg testified Mr. Sugg knew that he was signing a power of attorney, that he was giving their daughters powers as successor attorneys in fact if she could not serve in that position, and that he intended to sign the Power of Attorney.  However, Mrs. Sugg testified that Mr. Sugg presently lacked the ability to answer questions — or to remember a question asked before answering it.

**IV.     JURISDICTION AND UNDERLYING LAW**

This Court has jurisdiction over the parties and the subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue rests properly in this District under 28 U.S.C. § 1409(a).

This Court determines the Power of Attorney's validity under Missouri law because of its presentation to a federal court in the state of Missouri as authorization for a bankruptcy filing in Missouri.  See In re Kjellsen, 53 F.3d 944, 946 (8th Cir. 1995) (evaluating authority of purported attorney in fact under South Dakota power of attorney using that state's law because "state law determines who has the authority to file a bankruptcy petition on behalf of another"); see also In re Matthews, 516 B.R. 99, 103 (Bankr. N.D. Tex. 2014) (determining authority of Texas debtor's

8

purported attorney in fact under durable power of attorney under Texas law); accord Hager v. Gibson, 108 F.3d 35, 39 (4th Cir. 1997) (finding that state law determines ability of agent to act for a debtor to file a bankruptcy petition). Missouri law requires strict construction of powers of attorney. Lucas v. Lucas, 946 F.2d 1318, 1326 (8th Cir. 1991) (citing Mercantile Trust Co., N.A. v. Harper, 622 S.W.2d 345, 350 (Mo. Ct. App. 1981)).

In light of the motions and testimony regarding Mr. Sugg's current incapacity, Mrs. Sugg only can act as Mr. Sugg's attorney in fact in this matter if the Power of Attorney comprises a durable power of attorney that remains effective notwithstanding Mr. Sugg's current condition. See Mo. Rev. Stat. § 404.705.2 (2021) (providing that acts by an attorney in fact under a durable power of attorney benefit and bind the principal regardless of the principal's disability or incapacity). Thus, this Court uses the applicable Missouri statutes regarding durable powers of attorney to evaluate the Power of Attorney's sufficiency.

Missouri Revised Statute § 404.705 establishes the method to create a durable power of attorney that remains valid and permits an attorney in fact to act notwithstanding a principal's incapacity under Missouri law. Mo. Rev. Stat. § 404.705 (2021). The statute delineates the three primary requirements to create a written durable power of attorney: (1) denomination of the power of attorney as a "Durable Power of Attorney"; (2) inclusion of language substantially in the form set out in the statute regarding the effect of the power of attorney in the event of the principal's disability or incapacity or any uncertainty regarding the principal's death; and (3) execution of the power of attorney by the principal, dated and acknowledged as prescribed under the applicable law regarding real estate transactions. Mo. Rev. Stat. § 404.705.1 (2021). The statute includes two alternatives for the mandatory language regarding the effect of a power of attorney in the event of the principal's disability or incapacity:

9

> (a) THIS IS A DURABLE POWER OF ATTORNEY AND THE AUTHORITY OF MY ATTORNEY IN FACT SHALL NOT TERMINATE IF I BECOME DISABLED OR INCAPACITATED OR IN THE EVENT OF LATER UNCERTAINITY AS TO WHETHER I AM DEAD OR ALIVE; or
>
> (b) THIS IS A DURABLE POWER OF ATTORNEY AND THE AUTHORITY OF MY ATTORNEY IN FACT, WHEN EFFECTIVE, SHALL NOT TERMINATE OR BE VOID OR VOIDABLE IF I AM OR BECOME DISABLED OR INCAPACITATED OR THE EVENT OF LATER UNCERTAINTY AS TO WHETHER I AM DEAD OR ALIVE.

MO. REV. STAT. § 404.705.1(2).

Missouri Revised Statute § 442.210 governs the requirements for effective acknowledgement of documents in Missouri real estate transactions. See MO. REV. STAT. § 442.210.1 (2021). Acknowledgements must specify the place and state where acknowledgement occurred and state the act of acknowledgement by the person signing the document. Id. Acknowledgements also must contain language either that the person subscribing the acknowledgement personally knew the signer or that at least two listed witnesses with disclosed names and addresses proved the signer's identity. Id. The statute provides suggested, but non-mandatory, language for individuals' use for this purpose:

1. On this ___ day of __, 20 __, before me personally appeared A B (or A B and C D), to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

MO. REV. STAT. § 442.210.1. Acknowledgements also must contain the signature and title of the acknowledging officer. MO. REV. STAT. § 442.210.3

A valid Missouri power of attorney can grant an attorney in fact general powers to act or specific powers regarding any express subject/s or purpose/s. MO. REV. STAT. § 404.710.1. A grant of general powers permits the attorney in fact "to act in a fiduciary capacity on the principal's behalf with respect to all lawful subjects and purposes". Id. In addition, a power of attorney's

10

enumeration of specific powers granted an attorney in fact for particular subjects or purposes does not limit any general grant of authority to that person absent other language in the power of attorney.  MO. REV. STAT. § 404.710.2.

Sections 109(h)(4) and 727(a)(11) of the Bankruptcy Code contain language applicable to individual debtors who cannot complete pre-bankruptcy credit counseling or post-petition financial management education due to incapacity or disability.  11 U.S.C. §§ 109(h)(4); 11 U.S.C. § 727(a)(11).  Section 109(h)(4) of the Code permits this Court to waive the pre-bankruptcy credit counseling requirement for an individual debtor if this Court determines, after notice and hearing, and the individual proves, that the individual lacks the capability to make rational decisions about her financial affairs or that the individual has a physical impairment that prevents her from participating in a credit counseling briefing after reasonable effort.  11 U.S.C. § 109(h)(4); see FED. R. BANKR. P. 1007(b)(3)(D) (mandating that an individual debtor who seeks a waiver under section 109(b)(4) of the Code file a request for that determination); see also In re Lincoln, 630 B.R. 794, 796 (B.A.P. 8th Cir. 2021) (requiring a debtor to prove incapacity or disability to obtain permanent waiver of the credit counseling requirement).  A debtor who receives a waiver under section 109(h)(4) of the Code need not satisfy the post-petition financial management education requirement of section 727(a)(11) of the Code to obtain a discharge.  11 U.S.C. § 727(a)(11); accord In re Rendler, 368 B.R. 1, 4 n.4 (Bankr. D. Minn. 2007) (noting that only debtors qualifying under section 109(h)(4) of the Code receive "absolution" from the financial management requirement).

V.    ANALYSIS

The record in this matter contains sufficient information to evaluate whether the Power of Attorney satisfies the statutory requirements to create a durable power of attorney under Missouri

11

law and whether Mrs. Sugg can act as Mr. Sugg's agent on matters in this Case. First, the Power of Attorney denominates itself as a durable power of attorney. The Court notes that the Missouri Revised Statutes lack a definition of the word "denominate/d" — even in the Chapter applicable to powers of attorney — leaving this Court to rely upon Missouri case law to interpret the term. Missouri law interprets the word "denominate" in the common sense as "to give a name to; designate" and permits the designation to appear at the top of a document or in the body of a document, if the designation is clear. City of St. Louis v. Hughes, 950 S.W.2d 850, 853 (Mo. banc 1997) (references omitted).

Here, the Power of Attorney's initial text stating that Mr. Sugg is "creating a durable power of attorney intended to comply with Missouri law" unambiguously evinces Mr. Sugg's intent to designate the document as a durable power of attorney under Missouri law. See Doc. No. 16-2 at 1, ¶ 1. While the better practice would have been to title the instrument as "Durable Power of Attorney" or "Durable Power of Attorney for Property", the document's text resolves any questions regarding the first requirement under Missouri Revised Statute § 404.705.1(1).

Second, the Power of Attorney includes explicit and compliant language regarding the effect of the power of attorney in the event Mr. Sugg became disabled or incapacitated. Doc. No. 16-1 at 2, ¶ 2.02. The included language almost exactly duplicates that set out in the statute, changing only the statute's reference "attorney in fact" to "Agent". See MO. REV. STAT. § 404.705.1(2)(a). This satisfies the statute's requirement for a provision that substantively states the statute's contents on this point.

Third and finally, Mr. Sugg signed and dated the Power of Attorney and the instrument contains an acknowledgment that satisfies the law applicable to acknowledgments for conveyances of real estate in Missouri. Doc. No. 16-1 at 26. The Power of Attorney contains Mr. Sugg's

12

signature and the date, January 16, 2020. Id. The notarial acknowledgment of Mr. Sugg's signature contains the place and state of acknowledgement, the seal, signature, name and title of the acknowledging officer and acknowledges Mr. Sugg's signature, albeit without language that substantially comports with the suggested language of Missouri Revised Statute § 442.210.1. Id.; see MO. REV. STAT. § 442.210.1 (containing suggested language regarding acknowledgments).

However, the Declaration of Witnesses that concludes the Power of Attorney remedies any flaws in the notarial acknowledgment. Doc. No. 16-1 at 26. The Declaration of Witnesses regarding Mr. Sugg's signature properly states the act of Mr. Sugg's acknowledgment of the Power of Attorney by referencing that Mr. Sugg "published and declared" the Power of Attorney in the witnesses' presence, that the witnesses "in his presence and at his request" attested to his acknowledgement, contains the witnesses' signatures and lists their names and residence addresses. See MO. REV. STAT. § 442.210.1. Moreover, Mrs. Sugg's testimony at hearing confirmed that Mr. Sugg executed the Power of Attorney as stated in the Declaration of Witnesses. As a result, the acknowledgments, taken together, satisfy the statutory requirements relating to acknowledgments for real estate transactions and the Power of Attorney comprises a valid durable power of attorney under Missouri law.

The Court next addresses whether Mrs. Sugg has authority to act as Mr. Sugg's attorney in fact in the Case. The Power of Attorney clearly appoints her as Mr. Sugg's "Agent". Doc. No. 16-1 at 1, § 1.01. Moreover, the Power of Attorney grants his "Agent" the ability to act "with respect to bankruptcy . . . concerning me or some other person", to act "for me with respect to filing for bankruptcy", to "employ counsel to represent me" and to "take any other actions to further my interests" in a bankruptcy proceeding. Id. at 8, § 3.11. This language specifically grants Mrs. Sugg the power to file a bankruptcy on Mr. Sugg's behalf. Id. Moreover, the Power of

13

Attorney authorizes Mrs. Sugg to do "everything necessary" to exercise that power. Id. at 2, § 3. As a result, this Court finds the Power of Attorney satisfies the requirements of Missouri law to create a valid power of attorney that authorizes Mrs. Sugg to file the present bankruptcy case and authorize actions by counsel in the Case.

This Court also must consider whether grounds exist to grant the Motion to Waive Credit Counseling and the Motion to Waive Financial Management. Mrs. Sugg credibly testified at hearing about the nature and extent of Mr. Sugg's medical condition as of the Petition Date. In particular, her testimony that Mr. Sugg's medical condition prevents him from answering questions demonstrates that Mr. Sugg lacks the ability to handle financial matters effectively or to comprehend the nature of a bankruptcy proceeding. Correspondence from one of Mr. Sugg's physicians regarding his medical condition referenced in the Response and presented to this Court at hearing bolsters this conclusion. Doc. No. 24 at 2, ¶ 4a; at 7. This satisfies the requirements of section 109(h)(1) of the Code regarding waiver of credit counseling and, concomitantly, the requirements of section 727(a)(11) of the Code regarding exemption from personal financial management education.

Thus, this Court now **ORDERS** the Motion to Waive Pre-Petition Credit Counseling Pursuant to 11 U.S.C. § 109(h)(4) [Doc. No. 17] **GRANTED** as to Jerry Sugg.

This Court further **ORDERS** the Motion to Waive Post-Petition Personal Financial Management Course Pursuant to 11 U.S.C. § 109(h)(4) and L.R. 4004-2(D) [Doc. No. 21] **GRANTED** as to Jerry Sugg.

14

This Court further **ORDERS** the Order to Show Cause [Doc. No. 22] **SATISFIED** and **DISPOSED WITHOUT FURTHER ORDER**.

DATED: September 30, 2021
St. Louis, Missouri
mtc

BONNIE L. CLAIR
United States Bankruptcy Judge

Copies to:

All creditors and parties in interest